UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Yvette Mandujano, | Case No. 2:24-cv-00442-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| Gina; TSE Investments LLC, | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 3). Plaintiff also submitted a complaint. (ECF Nos. 3-1, 3-2). Because the Court finds that Plaintiff's application is complete, it grants her application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not state a claim upon which relief can be granted, it dismisses her complaint with leave to amend.

I. *In forma pauperis* application.

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 3). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

II. Screening the complaint.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### *A.    The Court dismisses Plaintiff's complaint without prejudice.*

Plaintiff brings a civil rights claim against Defendant TSE Investments, LLC[1] which Plaintiff lists as residing in California. (ECF No. 3-2 at 2). Plaintiff brings a claim under 42 U.S.C. § 1983 for violation of her Fourteenth Amendment rights. (*Id.* at 3). Plaintiff alleges that Defendant—the owner of the building where Plaintiff is a tenant—has failed to make certain repairs to the building and to her unit, causing her and her children to get sick. (*Id.* at 5-7).

42 U.S.C. § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To obtain relief under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or the laws of the United States and must show that the alleged deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Id.*

Here, Plaintiff has not demonstrated that the alleged deprivations were committed by a person acting under color of law. Instead, Defendant appears to be a private business and thus, there is no allegation of state action. The Court thus dismisses Plaintiff's complaint with leave to amend. While Plaintiff's claims against Defendant do not arise under 42 U.S.C. § 1983, they may arise under some other provision of law. In any amended complaint, Plaintiff must allege the

---

[1] Plaintiff has filed two complaints. (ECF Nos. 3-1 and 3-2). Plaintiff indicates that the second complaint is an amended complaint, changed to remove Defendant "Gina." (ECF No. 3-2 at 1). Otherwise, the amended complaint appears identical to the first. Because an amended complaint supersedes the original, the Court will only consider the second complaint. (ECF No. 3-2).

legal basis for her claims.  The Court also directs Plaintiff to the *pro se* resources on its website,[2] in particular, the form complaint for a civil case that is not based on a violation of civil rights.[3]

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 3-2) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 3-2) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **April 19, 2024** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: March 20, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] The self-help portal can be found online at https://www.nvd.uscourts.gov/self-help-portal/

[3] This form can be found online at https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case