# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
* * *

| | |
|---|---|
| Yvette Mandujano, | Case No. 2:24-cv-00442-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| TSE Investments LLC; Regina Louie, | |
| Defendants. | |

Before the Court is Plaintiff Yvette Mandujano's second amended complaint. (ECF No. 8). Plaintiff's second amended complaint does not state a claim upon which relief can be granted. The Court thus dismisses Plaintiff's second amended complaint with leave to amend.

**I.   Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual

allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Discussion.**

Plaintiff sues Defendants TSE Investments LLC and Regina Louie.[1]  Plaintiff does not list an address for TSE Investments LLC, but identifies Louie as a resident of California.  Plaintiff asserts that the basis of the Court's jurisdiction over her claims is federal question jurisdiction because Defendants have violated her Fourteenth Amendment rights.  Plaintiff also appears to allege a claim for negligence.

Plaintiff alleges various defects with the property she rents, including the ceiling caving in, problems with the air conditioner, and mold, amongst other things.  She alleges that the owner of the property has failed to keep the premises in habitable condition.  Plaintiff asserts that the defects have resulted in her losing her job and her and her family falling ill.  Plaintiff seeks six million dollars in damages.

### A.     *Fourteenth Amendment claim.*

Plaintiff's Fourteenth Amendment claim fails for the same reason in her second amended complaint as it did in her previous complaint: she has not alleged that either Defendant is a state actor.  Again, to obtain relief under 42 U.S.C. § 1983 for violation of a right secured by the Constitution, the plaintiff must allege that the deprivation was caused by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48-49 (1988).  The Court thus dismisses this claim without prejudice and with leave to amend.

### B.     *Negligence.*

It is unclear that the Court has jurisdiction over Plaintiff's negligence claim.  Negligence is a state cause of action.  Without her federal constitutional claim to establish jurisdiction, Plaintiff must show that the Court has diversity jurisdiction over her case.  Diversity jurisdiction requires that she be a citizen of a different state than the Defendants and that her claim be more than $75,000.  28 U.S.C. § 1332(a); *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Plaintiff alleges that her claim is more than $75,000.  And she alleges that Louie is a resident of a

---

[1] Plaintiff no longer names "Gina" as a defendant.  Additionally, although Plaintiff does not identity Louie as the property owner, liberally construing Plaintiff's complaint, it appears that she alleges that Louie owns the property and TSE Investments, LLC maintains it.

different state than her. However, Plaintiff does not allege the state in which TSE Investments LLC is a resident. If TSE Investments LLC is a resident of Nevada, then the Court does not have jurisdiction over Plaintiff's negligence claim. If it is not a resident of Nevada, then the Court does have diversity jurisdiction over this claim. The Court thus dismisses Plaintiff's negligence claim without prejudice and with leave to amend. In any amended complaint, Plaintiff must allege in which state TSE Investments LLC is a resident.

**IT IS THEREFORE ORDERED** that Plaintiff's second amended complaint (ECF No. 8) is **dismissed without prejudice and with leave to amend**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **June 13, 2024** to file an amended complaint to the extent she believes she can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in a recommendation to the district judge that the case be dismissed.** The Clerk of Court is kindly directed to send a copy of this order to Plaintiff.

DATED: May 14, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE